IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

CASE NO. 98-8039-CR-RYSKAMP



UNITED STATES OF AMERICA,

    Plaintiff,

v.

WARREN D. JOHNSON, JR.,

    Defendant.

_____/

### EMERGENCY VERIFIED PETITION TO STAY ORDER

    COMES NOW Warren D. Johnson, Jr., In Propria Persona and Sui Juris (Petitioner) and hereby objects to, and requests the Court Stay its Order of October 29, 2002, as the GOVERNMENT'S MOTION FOR EXTENSION OF TIME TO RESPOND TO DEFENDANT'S PRO SE PETITION TO ARREST JUDGEMENT FOR LACK OF SUBJECT MATTER JURISDICTION _____ was made in bad faith and with unclean hands and is disingenuous and meant solely for delay and to keep Petitioner in prison for an additional two weeks, without any lawful authority and in support thereof Petitioner states the following:

    1. On April 13, 2002 Petitioner filed a "COMBINED MOTION UNDER F.R.E. RULE 201(d), PETITION FOR A WRIT OF HABEAS CORPUS, AND FILING OF A CRIMINAL COMPLAINT UNDER F.R.Cr.P. RULE 3, AGAINST F.B.I. SPECIAL AGENT MICHAEL McBRIDE, ATTORNEY PATRICK SCOTT, RASHID "REG"BODHANYA, ET AL...." in the above referenced case, attached thereto was EXHIBIT D- Page D-5, which placed the Court on mandatory judicial notice that the purported "Indictment", allegedly creating this case was invalid and void Ab Initio.

A copy of EXHIBIT D- Page D-5 is attached hereto and incorporated herein by reference, as if printed herein in its entirety and labeled EXHIBIT A.  Thus, AUSA Carolyn Bell was placed on notice **no later** than April 19 of this issue as a true, correct and complete copy of the above referenced motion, including all exhibits, was sent to her also on April 13, 2002.

    2. Between April 13, 2002 and April 19, 2002 the Court construed Petitioner's "COMBINED MOTION UNDER F.R.E. RULE 201(d), PETITION FOR A WRIT OF HABEAS CORPUS, AND FILING OF A CRIMINAL COMPLAINT UNDER F.R.Cr.P. RULE 3,..." as a motion under Title 28 U.S.C. § 2255, with a new civil case No. 02-80353 CIV-RYSKAMP/SORRENTINO, and the UNITED STATES MAGISTRATE JUDGE SORRENTINO ordered the Government to respond.

    3. In the Government's response dated 26 September 2002, AUSA Carolyn Bell stated the following:

> "On March 24, 1998, a federal grand jury in the Southern District of Florida returned an eight count indictment against petitioner, ..." (page 2- lines 3 & 4.)
>
> "...an indictment was properly returned ..."
>
> "As this court is aware, the return of an indictment, not the filing of a complaint, is the procedure necessary to instigate criminal charges against an individual." (page 16- lines 2 thru 5)

These words by AUSA Bell affirmatively state that (A) There was an 8 Count indictment **returned** by a federal grand jury on March 24, 1998, and (B) AUSA Bell made the Court aware that it is " the return of an indictment ..." which is " the procedure necessary to instigate criminal charges...", clearly indicating her knowledge of and assurance to the Court that the requirement  procedure under F.R.Cr.P. Rule 6(f) had in fact

been met by the Grand Jury and that she had reviewed such evidence in making her response. AUSA Bell is clearly aware of the "necessary procedure" to assure the Court of both Subject Matter and Personal (In Personam) jurisdiction in order to prosecute her case.

4. Now, however, on October 28, 2002 AUSA Bell does not know the name of the court reporter, who supposedly attended the Open Court hearing, wherein the purported "Indictment" was **returned,** doesn't know a audio tape number of the original record of the alleged hearing, and gives the Court no assurance whatsoever that it even exists! AUSA Bell's statements are not just disingenuous, they are in fact Prosectorial Misconduct and most reasonable people would have to construe her conflicting statements of September 26 and October 28 as perjurious and worthy of sanctions for fraud upon the Court.

5. Carolyn Bell, as AUSA on the instant case from its inception, knows or should have known the day and time, if the Grand Jury, as a body, with the foreperson, appeared in **open court** and **returned** the indictment as required under F.R.Cr.P. 6(f). These facts should be in her case file. The record of the hearing should be easily obtained from the Clerk of the Court who, under Title 28 U.S.C. § 753(b), is **required to maintain such original record** for "not less than 10 years."

6. Failure of AUSA Bell to act in good faith and with clean hands and inform the Court that she had **not** obtained the original tape from the Clerk of the Court, and had **not** ordered its expedited transcription, is further evidence that no such record exists; and, petitioner should be immediately and unconditionally released from incarceration.

WHEREFORE, Petitioner requests the Court to Stay its Order of October 29, 2002, acknowledge that the UNITED STATES has failed to respond appropriately (in that there being no official original record of an **Open Court Hearing** wherein the "indictment" creating the instant case was properly returned and the **record held by the Clerk of the Court**); order and effect the immediate and unconditional release of Petitioner from incarceration by calling, or e-mailing or faxing an Order releasing Petitioner on the day the Court receives this Petition. Sanction AUSA Bell for her fraud upon the Court, and grant Petitioner any and all other relief justice requires or allows.

Respectfully submitted,

*/s/ Warren D. Johnson, Jr.*

Warren D. Johnson, Jr.
53225-004  A-3 (Citrus)
Federal Correction Complex (Low)
P.O. Box 1031
Coleman, Florida 33521-1031

November 5, 2002

## OATH

I, Warren Douglas Johnson, Jr. hereby declare that I am competent to be a witness, that the facts contained herein are true, correct, complete and not misleading to the best of my first hand knowledge under penalty of perjury to the Laws of The United States of America and the Laws of the State of Florida this November 5, 2002.

*/s/ Warred Douglas Johnson, Jr.*

Warred Douglas Johnson, Jr.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of this foregoing document has been furnished to AUSA Carolyn Bell, 500 Australian Avenue, Suite 400, West Palm Beach, Florida 33401.

-4-  Warren D. Johnson, Jr.    11-6-2002
                                date

# INEFFECTIVE ASSISTANCE OF COUNSEL FOR NOT OBJECTING TO GRAND JURY'S FAILURE TO RETURN THE INDICTMENT IN OPEN COURT.

Rule 6(f) F.R. Crim. P. states:

> **Finding and Return of Indictment.** An indictment may be found only upon the concurrence of 12 or more jurors. The indictment shall be returned by the grand jury to a federal magistrate judge in open court.

Rule 6(f) is the codification of **Reningar vs. United States**, 172 F2d 646, 650 (4th Cir. 1909), which held, "It is essential to the validity of an indictment that it be presented in open court and in the presence of the grand jury." **Renigar** held the failure to return an indictment in open court was a jurisdictional defect. **Renigar** defined return in open court as follows: "When the grand jury has found its indictments, it returns them into open court, going personally in a body." Id. at 648.

The failure to return an indictment in open court in the presence of the grand jury is a jurisdictional defect, the failure to make an appropriate and timely objection to the defective return of the indictment is a fairly obvious case of ineffective assistance.

In **Williams**, the Supreme Court stated that a claim of ineffectiveness requires a showing of (a) deficient performance and (b) the loss of a substantive or procedural right attributable to the ineffective assistance. There is no indication that counsel's failure to object was a strategic decision made after a thorough investigation of the facts and the law. There is no indication that the failure to object was a reasonable choice.

If counsel had made an appropriate and timely objection, the indictment would have been dismissed, which establishes the loss of the substantive or procedural rights required by **Williams**.

D-5